05-CR-00360-PLAGR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR05-360Z |
| Plaintiff, ) | |
| v. ) | PLEA AGREEMENT |
| DONALD SHULL, ) | |
| Defendant. ) | |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Todd Greenberg, Assistant United States Attorney, and Defendant, DONALD SHULL, and his attorney, Stewart P. Riley, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Information. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

      a. Conspiracy to Violate the Export Administration Act, in violation of Title 50, United States Code App., Section 2410(a), as charged in Count 1 of the Information.

    3. <u>Elements of the Offense</u>. The elements of the offense of Conspiracy to Violate the Export Administration Act, in violation of Title 50, United States Code App., Section 2410(a), as charged in Count 1 of the Information, are as follows:

      First, the defendant agreed with at least one other person to knowingly export, attempt to export, or cause to be exported from the United States articles listed on the U.S. Commodity Control List, or other controlled articles, without having obtained a license or other authorization for the exportation from the U.S. Department of Commerce; and

      Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

    4. <u>The Penalties</u>.

      a. Defendant understands that the statutory penalties for the offense of Conspiracy to Violate the Export Administration Act, in violation of Title 50, United States Code App., Section 2410(a), as charged in Count 1 of the Information, are as follows: Imprisonment for up to five (5) years, a fine of up to $50,000.00, a period of supervision following release from prison of up to three (3) years, and a $100.00 penalty assessment. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing.

      b. Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

   c. Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

   d. Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed.

  5. <u>Rights Waived by Pleading Guilty.</u> Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty, and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

6. <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances and of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the other factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

PLEA AGREEMENT - 4

1   8. Statement of Facts. The parties agree on the following facts in support of
2   Defendant's guilty plea and sentencing. Defendant admits he is guilty of the charged
3   offense.
4       a. Beginning in or before 2002, and continuing through August 5, 2003,
5   Howard Hsy and an unindicted coconspirator in Taiwan agreed to export from the United
6   States articles listed on the U.S. Commodity Control List, and other export-controlled
7   technology, without obtaining export licenses from the U.S. Government as required by
8   law. Some of the articles involved in the conspiracy were listed on the U.S. Commodity
9   Control List, including Zinc Selenide (Zn Se) compound. Other articles involved in the
10  conspiracy were also export controlled, including, but not limited to: Imaging Systems
11  F4949 "Generation III" night-vision goggles; HGV 55/P Helmet Mount Assemblies (for
12  use with Generation III" night-vision goggles); and Nightmate CCTV Adapter
13  "Generation III" night-vision camera lenses.
14      b. During the course of this conspiracy, Donald Shull agreed to take actions
15  designed to further the objectives of the conspiracy. For example, in July 2003, Donald
16  Shull and Howard Hsy discussed the exportation of night-vision goggles. Shull had
17  previously acquired two night-vision goggles from the manufacturer, and was in the
18  process of attempting to order a larger quantity. Shull believed that Hsy would attempt to
19  export the two goggles already acquired, knowing that the U.S. Government had not
20  authorized such an exportation. Shull was investigating obtaining an export license if a
21  larger quantity was going to be exported. Ultimately, a larger quantity of goggles was not
22  exported, in part because Howard Hsy was arrested prior to the acquisition of the larger
23  quantity of goggles. Shull and Hsy had similar discussions regarding other export
24  controlled items.
25  //
26  //
27  //
28  //

PLEA AGREEMENT - 5

9. <u>Sentencing Factors</u>. The parties agree and stipulate that the following Sentencing Guidelines provisions apply to this case:

 a. A base offense level of 14, pursuant to USSG § 2M5.1(a)(2).

 b. A two-level downward adjustment because the defendant was a minor participant in the criminal activity, pursuant to USSG § 3B1.2(b).

 c. The United States acknowledges that Defendant has assisted the United States by timely notifying the authorities of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If at the time of sentencing, the United States remains satisfied that Defendant has accepted responsibility, then it will recommend a sentence that takes this acceptance of responsibility into consideration. Defendant understands and agrees that the United States will base its recommendation on factors set forth in the United States Sentencing Guidelines, including Section 3E1.1.

 d. The parties agree that, with the exception of those listed above, no other upward or downward adjustments to the Defendant's offense level are applicable.

10. <u>Joint Sentencing Recommendation</u>. The parties agree to recommend that the Court impose a term of probation of two years, a fine of $5,000, and a $100 special assessment. The defendant acknowledges that this recommendation is not binding on the Court, and that the defendant may not withdraw the guilty plea solely because the Court does not follow the parties' recommendation.

11. <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for

PLEA AGREEMENT - 6

purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

Defendant agrees and acknowledges that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

12. <u>Post-Plea Conduct</u>. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his/her conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to seek a sentence that takes such conduct into consideration. Such a sentence could include, to the extent the United States Sentencing Guidelines are applicable, a sentencing enhancement or upward departure.

13. <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

14. <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

1    15.    **Completeness of Agreement.** The United States and Defendant
2 acknowledge that these terms constitute the entire Plea Agreement between the parties.
3 This Agreement only binds the United States Attorney's Office for the Western District of
4 Washington. It does not bind any other United States Attorney's Office or any other office
5 or agency of the United States, or any state or local prosecutor.

Dated this 11th day of October, 2005.

_____
DONALD SHULL
Defendant

_____
Stewart P. Riley
Attorney for Defendant

_____
Douglas B. Whalley
Assistant United States Attorney

_____
Todd Greenberg
Assistant United States Attorney

PLEA AGREEMENT - 8